### 5698. MECHANICS REALTY & IMPROVEMENT CO. v. LEVA, adm'r.

WADE, J. 1. Mere knowledge by a lender of money that the borrower intends to use it for an illegal or immoral purpose will not prevent a recovery of the money due the lender, where he does not aid the borrower in carrying into effect the unlawful design, or participate therein. *Singleton* v. *Bank of Monticello,* 113 *Ga.* 527 (38 S. E. 947). See also

*Hines* v. *Union Savings Bank*, 120 *Ga.* 711 (48 S. E. 120). The mere fact that houses are to be used for purposes of prostitution does not of itself destroy the consideration of a loan made to obtain money to be used in improving the property. See, in this connection, *Phenix Insurance Co.* v. *Clay*, 101 *Ga.* 331 (28 S. E. 853, 65 Am. St. R. 307).

2. An obligation supported by an independent consideration will be enforced, though indirectly connected with an illegal transaction, where the plaintiff does not require the aid of the illegal transaction to make out his case. *Armstrong* v. American Exchange National Bank, 133 U. S. 433, 469 (10 Sup. Ct. 450, 33 L. ed. 747); *Ingram* v. *Mitchell*, 30 *Ga.* 547 (3); *Sewell* v. *Norris*, 128 *Ga.* 824 (58 S. E. 637, 13 L. R. A. (N. S.) 1118); 1 Corpus Juris, 958, 959, § 52. "Where a contract grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will not lend its aid to enforce it. . . But if the promise be entirely disconnected with the illegal act, and is founded on a new consideration, it is not affected by the act, although it was known to the party to whom the promise was made, and although he was the contriver and conductor of the illegal act." *Armstrong* v. *Toler*, 11 Wheaton, 258 (6 L. ed. 468). Allegations in a plea to an action on a promissory note, that the consideration of the note was money lent by the plaintiff to the defendant to take up pre-existing encumbrances upon certain houses belonging to the defendant, which had been previously used, were then used, and were to be used thereafter for lewd purposes, and also to pay off and discharge existing obligations of the defendant in no way connected with any immoral transaction, do not set up a defense which would prevent a recovery, where it does not appear that the lender participated in or was concerned in the carrying on of the illegal and immoral business. See, in this connection, *McAndrew* v. *Taylor*, 15 *Ga. App.* 555 (83 S. E. 967, 969), and cases cited.

3. Where a security deed provides that upon the failure of the borrower to maintain a stipulated amount of insurance on the property described therein the debt shall immediately become due and be collectible at law, and a breach of the covenant is distinctly alleged in a suit for the debt, and the defendant admits the breach, but offers an insufficient plea in avoidance thereof, no issue is raised for submission to a jury.

4. Where, in a contract relating to a loan of money, it was provided that upon failure by the borrower to maintain a certain amount of insurance on the property conveyed as security for the debt, the entire loan should become due and payable at the option of the lender, and the insurance was canceled and the borrower failed to have it renewed and to maintain it in accordance with the contract, and after this failure became known to the lender, but before it was claimed that there was default rendering the entire debt due, past-due interest was paid, the acceptance of the interest would not amount to a waiver of the right to declare a default and to demand and enforce payment of the entire note. The interest being already past due, the acceptance thereof was not a waiver of the right on the part of the lender to insist upon full payment of the debt.

5. The court did not err in sustaining a demurrer to the defendant's plea as amended.

*Judgment affirmed. Broyles, J., not presiding.*
DECIDED FEBRUARY 16, 1915.

Complaint; from city court of Atlanta—Judge H. M. Reid. March 14, 1914.

*Bell & Ellis,* for plaintiff in error.
*Rosser, Brandon, Slaton & Phillips,* contra.