## UNITED STATES v. MANZI.

(Circuit Court of Appeals, First Circuit. December 31, 1926.)

No. 2038.

1. Statutes ⟺219—Construction of statute adopted by department after it had been in operation for 14 years held of little weight to aid its interpretation by a court.

Contemporaneous construction of a statute by the executive department charged with its administration is of weight in interpretation of the statute by a court, but such construction is of little or no weight where it was not adopted by the department until after the statute had been in operation for 14 years.

2. Aliens ⟺68(4)—Naturalization of widow of alien declarant is not limited to 7 years after filing of declaration of intention (Naturalization Act 1906, § 4, par. 6 [Comp. St. § 4352]).

Naturalization of the widow or minor children of a deceased alien declarant, under Naturalization Act 1906, § 4, par. 6 (Comp. St. § 4352), is not subject to the time limitation of 7 years imposed on the declarant by paragraph 2 of the section.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Petition of Amalia Manzi for naturalization. Petition granted, and the United States appeals. Affirmed.

John S. Murdock, U. S. Atty., and Fred B. Perkins, Asst. U. S. Atty., both of Providence, R. I.

Michael J. Turano and De Pasquale & Turano, all of Providence, R. I., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. On October 15, 1913, Aniello Manzi, husband of the appellee, filed in the court below his declaration of intention to become a citizen. On December 19, 1914, he died without having filed a petition for naturalization. On October 4, 1924, his widow Amalia, having filed no declaration of intention in her own behalf, filed a petition for naturalization, and on February 3, 1925, was naturalized. On January 9, 1926, the United States attorney for the district of Rhode Island filed, under section 15 of the Naturalization Act of June 29, 1906, 34 Stat. 601 (Comp. St. § 4374), a petition for the cancellation of Amalia's certificate, on the ground that it was illegally procured. The appellee filed an answer, admitting all the allegations of fact, but denying the conclusions of law. The court below, without opinion, dismissed the petition.

The government appealed, and has submitted the case on brief. No brief has been filed for the appellee, nor has the case been orally argued on either side. This is a most unsatisfactory record.

The appellee was naturalized under section 4, par. 6, of said act (Comp. St. § 4352), which reads:

"When any alien who has declared his intention to become a citizen of the United States dies before he is actually naturalized the widow and minor children of such alien may, by complying with the other provisions of this act, be naturalized without making any declaration of intention."

The government's present contention is that this provision is to be regarded as subject to the time limit in the second paragraph of section 4, which reads as follows:

"Second. Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in which petition such applicant shall state his full name, his place of residence (by street and number, if possible), his occupation, and, if possible, the date and place of his birth."

As the appellee's petition was filed more than 7 years after her husband's declaration, it is argued that the petition for her naturalization was illegally granted.

This case is obviously an attempt to obtain judicial approval of paragraph 3, rule 5, of the Rules and Regulations effective May 15, 1924, issued by the department under the usual power granted by section 28 of the act (Comp. St. § 4383).

Paragraph 3 reads as follows:

"A petition for naturalization executed by the widow and minor children of a deceased declarant pursuant to the provisions of the sixth subdivision of section 4 of the Act of June 29, 1906, as amended, shall be made and filed not less than two nor more than seven years after the filing of the declaration of intention by the deceased husband and father."

[1] The United States attorney urges the well-settled doctrine that contemporaneous construction of a statute by the department charged with the duty of administering it, is entitled to weight in interpreting the meaning of the statute. Malley, Collector, v. Walter Baker & Co., Lim'd. (C. C. A.) 281 F. 41, 46; Baltzell v. Mitchell (C. C. A.) 3 F.(2d) 428, 430.

The trouble we find in applying this well-established doctrine to this case is that para-

graph 3 of the regulation is not the contemporaneous construction by the department. The act was passed in 1906, and·we find no attempt in the regulations to read the 7-year limitation into paragraph 6 of section 4, supra, until 1920. So far as we can ascertain, it first appeared in the Regulations of September 24, 1920, as a proviso in paragraphs (c) and (d) of rule 24, which deal with petitions of widows and children under paragraph 6 of section 4, supra.

There is nothing, therefore, before this court to indicate that, in the first 14 years of the construction of the act, this limitation upon the rights of the widows and children of deceased declarants was undertaken to be enforced by the department. Under such circumstances the regulation has little or no weight upon the question of the proper interpretation of the statute.

[2] There are other difficulties in adopting the government's present position. As pointed out in Van Dyne on Naturalization, p. 262, under the old statute, R. S. § 2168, the widow and children of a deceased declarant were considered as citizens of the United States and entitled to all rights and privileges as such on taking the oaths prescribed by law. This was a broad and generous provision for the surviving family of a deceased declarant, apparently grounded on the principle that in all civilized countries widows and minor children should always be the object of special care by lawmakers. Obviously, the widow and minor children of a deceased prospective citizen— perhaps having property in the country of origin—might need the protection of American citizenship for very many important purposes. An American citizen going abroad is entitled to the protection of this government against unlawful molestation of person· and property. Passports are in recent years essential. A widow's dower and other property rights frequently turn upon questions of citizenship. Compare White v. White, 2 Metc. (Ky.) 185; Kelly v. Owen, 7 Wall. 496, 19 L. Ed. 283; Moore v. Tisdale, 5 B. Mon. (Ky.) 352; Dorsey v. Brigham, 177 Ill. 250, 52 N. E. 303, 42 L. R. A. 809, 69 Am. St. Rep. 228.

At any rate, when in 1906 Congress carefully revised the law relative to naturalization, and imposed the 7-year limitation upon the declarant, it did not, in terms, apply this limitation to the rights of a deceased declarant's widow and minor children. We can see no adequate reason for reading into paragraph 6 of section 4 what Congress left out. There is nothing in this record indicating that the question now presented is of importance, or that there is any evil, present or prospec-

tive, to be met by adopting the construction now belatedly asserted by the department. The suggestion in the government's brief that the clerks are required to keep old files alive for the benefit of the widow and minor children of a deceased declarant does not impress us. If Congress intended the rights of such widows and minor children to be preserved, as it apparently did, the burden of the necessary clerical work for such preservation is a negligible matter. No decision is cited which, on analysis, supports the present contention of the department. United States v. Poslusny, 179 F. 836, a decision in 1910, by the Circuit Court of Appeals for the Second Circuit, is flatly against the appellant's position.

Poslusny was born in Austria in 1881, and came to this country in 1891. In 1889 his alien father filed a declaration of intention, and died in March, 1892. In 1909 the son's petition, filed under section 4, supra, was allowed, and the government appealed. The decision below was affirmed. In this case, the declaration in 1889 was nearly 20 years old when the petition for naturalization was filed.

In re Shearer, 158 F. 839, and In re Schmidt, 161 F. 231, are two District Court opinions to the same general effect. In the Shearer Case, the father's declaration was made in 1889; the son's petition was filed under section 4, supra, in 1907. In the Schmidt Case, the father's declaration was made in 1895, and the son's petition was filed in 1907. But both were admitted to citizenship.

Naturalization and the rights growing out of American citizenship have been much before Congress during the past twenty years. It is a fair inference that if there were any real reason for the limitation now urged, Congress would have dealt with the matter in explicit terms. Compare Acts of March 4, 1909 (35 Stat. 1102), June 25, 1910 (36 Stat. 830), March 4, 1913 (37 Stat. 736), May 9, 1918 (40 Stat. 542), and September 22, 1922 (42 Stat. 1021).

In the government's brief, it is urged that the act of 1906 shows by its title and otherwise that Congress intended to provide for a uniform rule for the naturalization of aliens throughout the United States, and that this principle necessitates like requirements and procedure for the naturalization of both men and women. Historically this wide extension of the principle of uniformity cannot be sustained, as already indicated. And, if we turn to later legislation, we find in the Act of September 22, 1922, supra, the creation of a new sort of creature, the alien wives of American citizens, and that the act allows such alien

wives to be naturalized without any declaration of intention and after one year's residence only. This act shows that Congress has very recently had the status of alien women under consideration, has not adopted the principle of uniformity, and has not seen fit to adopt the contention now made of applying the 7-year limitation to the widows and minor children of deceased declarants.

The decree of the District Court is affirmed.