27519. HEAD, revenue commissioner, *v.* EDGAR BROTHERS COMPANY.

DECIDED JULY 13, 1939. REHEARING DENIED JULY 26, 1939.

*M. J. Yeomans, attorney-general, B. B. Zellars, M. L. Allison, Duke Davis,* for plaintiff in error.

*Orville A. Park, Orville A. Park Jr.,* for defendants.

STEPHENS, P. J. The facts, the questions of law, and the decisions of the questions have been stated in former reports of this case. *State Revenue Commission* v. *Edgar Bros. Co.,* 185 *Ga.* 216 (194 S. E. 505) ; 55 *Ga. App.* 505 (190 S. E. 623). It is unnecessary to state them fully and in detail again. The case arose by the levy of an execution on property of the defendant in error, for an amount alleged to be due by it to the State of Georgia as in-

come tax for the year 1929. The defendant filed its affidavit of illegality to the execution on various grounds. The trial court sustained the illegality, and this judgment was affirmed by the Court of Appeals. The Supreme Court reversed the decision of the Court of Appeals. After that decision the case came on for hearing in the trial court. T. G. Head, revenue commissioner, was made the plaintiff instead of the State Revenue Commission. The defendant amended its affidavit of illegality by adding another ground. The allowance of this amendment over objection by the plaintiff in fi. fa. is excepted to and assigned as error. After hearing evidence and argument, the judge, acting by consent as judge and jury, rendered a judgment sustaining the affidavit of illegality on all grounds therein taken. This judgment is excepted to and assigned as error by the plaintiff. By the decision of the Supreme Court the case has been greatly reduced in scope. The original affidavit of illegality has been adjudged insufficient; and the only questions which remain to be determined are whether the amendment was properly allowed, and whether it was error to sustain the amended affidavit. The rulings of the Supreme Court are here adopted and applied.

The amendment alleged that in the notice of deficiency sent by the revenue commission to Edgar Brothers Company, the income which was claimed to be subject to apportionment was $225,-010.41, the same as the net income shown by the taxpayer's return to the Federal Government, except $1712.75 which represented net income allocated to Georgia and was supposed to be rents from property located in Georgia. The amendment further alleged that said net business income included interest on various securities owned by the taxpayer and deposited in its vaults in New Jersey, such income being in no way connected with its business in Georgia, and being beyond the jurisdiction of the State, and "the attempt to tax said income would deprive the taxpayer of its property without due process of law and deny to it the equal protection of the law guaranteed to it by the fourteenth amendment of the constitution of the United States, as well as by paragraphs 2 and 3 of section 1 of article 1 of the constitution of this State." The amendment further alleged, that included in the item of $1712.75 net income allocated to Georgia by the State Revenue Commission is $240 rent on property belonging to the taxpayer located in New

Jersey, and in no way connected with its business in Georgia or the income derived therefrom, this being beyond the jurisdiction of the State; that the attempt to tax this income deprives the taxpayer of its property without due process of law and denies to it the equal protection of the law, in violation of the State and Federal constitutions. The amendment further alleged that the taxpayer operated during the year 1929 a small clay mine in New Jersey, and the gross sales from said mine amounted in 1929 to $61,418.83, and in making its Federal income-tax return there was added to the gross sales of clay mined in Georgia the sales of clay mined in New Jersey, making the total net sales for the year $975,338.03, and in undertaking to apportion the taxpayer's income the State Revenue Commission included in the sales the sales from the New Jersey mine; and the revenue from each being readily ascertainable, the taxation of that from the New Jersey mine taxes the income from property beyond the jurisdiction of the State and deprives the taxpayer of its property without due process of law and denies to it the equal protection of the law, in violation of the constitutional provisions heretofore recited.

The plaintiff objected to the allowance of the amendment, because "the matters alleged therein did not, either when taken alone or in connection with the original affidavit of illegality, set out any defense or disclose any reason why the fi. fa. levied was proceeding illegally," and because "the facts therein alleged were insufficient to disclose a legal defense to the claim for taxes as included in the execution levied, and were insufficient to show that said fi. fa. was proceeding illegally." The objection was overruled, and exception was taken. This amendment may be viewed in a twofold aspect, either as an attack on the constitutionality of the income-tax act of 1929, or as an offer to show certain mistakes by the revenue commission in its computation of the amount due, because of including several items of income which were not taxable. The first view can not now be entertained. The bill of exceptions in this case was originally transmitted to the Supreme Court, the plaintiff in error alleging that there was involved the question whether "a statute of the State of Georgia has been applied or is sought to be enforced by the State taxing authorities in a manner contrary to the provisions of the constitution of the State of Georgia and of the constitution of the United States, and accordingly

there is involved a construction both of the constitution of the United States and the constitution of the State of Georgia." The Supreme Court heard argument on this proposition, and ordered the case transferred to the Court of Appeals, holding that the case did not present any question of construction, but only "the applicability of plain and unambiguous constitutional provisions." And the Supreme Court ruled also that the amendment did not raise the question of the constitutionality of the act of 1929. These rulings restrict the amendment to mean, in effect, that the execution was proceeding illegally and unconstitutionally, in that certain items of income not taxable were included in the computation of taxable income. In this view of the amendment it was not error to allow it. An affidavit of illegality is amendable by adding new and distinct grounds. Code, § 39-1005.

The Supreme Court held that the act of 1929 imposed an income tax on foreign corporations doing business in Georgia, based upon their entire net income "but apportioned to that part of such income as is attributable to business done in this State." 185 *Ga.* 216 (194 S. E. 505). This ruling evidently excludes income which is not attributable to business done in Georgia. The evidence showed that in the original computation on which the fi. fa. was based there were included three items of income, rent from property located in New Jersey, $240, interest on securities located in New Jersey, $2562.78, and profits from a clay mine located in New Jersey, $13,665.69. These items are not "attributable to business done in this State," and should have been deducted from the entire net income of the corporation as shown in its Federal income-tax return, leaving the balance to be apportioned. It is true that the fi. fa. was for $1084.43, and a calculation on the same basis of apportionment with the objectionable items excluded showed the tax to be $1050.58. Counsel for defendant in error contend that the court is without power to assess the property (in this case the income) in an illegality proceeding on a tax fi. fa. This contention is directly at variance with the decision in *State* v. *Southwestern Railroad*, 70 *Ga.* 12 (5), where it was held that the jury could reassess the property. In the present case the judge was acting also as jury, and had the power to determine the amount of the income which was taxable and the amount of tax due.

The remaining question relates to the method of apportionment

486

adopted by the revenue commission. By this method the part of the total income attributable to business done in Georgia was determined by taking the average of the ratio of the property in Georgia to the entire property of the company and the ratio of the sales of clay mined and processed in Georgia to the total sales. Thus it appears that the property in Georgia was valued at $465,-328.51, the property outside of Georgia at $36,026.39, and total property at $501,354.90; the ratio of Georgia property to the total being .9281419. The receipts from sales and other sources within Georgia were given as $53,790.10, sales without Georgia as $975,-338.03, and total sales as $1,029,128.13; the ratio of Georgia sales to total sales being .0522677. The average of these ratios is obtained by adding them together and dividing by two; the result being .4902048. Thus it was determined by the revenue commission that about 49 per cent. of the total net income was taxable by the State of Georgia. A later calculation, which excluded the income from certain properties in New Jersey and made some other adjustments of comparatively small items, brought the estimate up to 50 per cent.

At the end of the Supreme Court's opinion this statement occurs: "Whether the method used by the commission was unreasonable was a question not determined either by the trial court or the Court of Appeals, and the assignments of error to this court do not raise such a question, even if it could be raised. That question must be determined upon a re-examination of the case under the decision herein rendered." 185 *Ga.* 216, 233, 234 (194 S. E. 505). From this it seems that the only question left to be determined by the trial court on the new trial was whether the method used by the revenue commission was unreasonable. The Supreme Court held that on the failure of the taxpayer to make a return showing the proportionate part of income attributable to business in this State, the revenue commission is authorized, under the act of 1929, to make such apportionment from the best information obtainable. It is in evidence that Mr. Mitchell, acting for the revenue commission, went to the company's office in New York City and obtained a lot of information from the company. Acting on this information the revenue commission apportioned the income in accordance with the formula prescribed in the act of 1931 (Ga. L. Ex. Sess., 1931, pp. 24, 36, § 15(c)), and an execution was issued

for the amount found to be due. Both the act of 1929 and that of 1931 provided that the taxpayer may dispute the collection of the tax found to be due by the commission, by filing an affidavit of illegality to the execution, and the act of 1931 makes this remedy exclusive. In this case the taxpayer failed to make the return which the Supreme Court held to be required of it, and therefore it subjected itself to assessment by the commission of the taxable income. In construing both of the acts the Supreme Court held that the assessment and collection of all taxes which have accrued or which may accrue under the act of 1929 were to be through the machinery of the act of 1931. So it appears that the only remedy available to the taxpayer is by affidavit of illegality. The existence of the execution implies a former rendition of a judgment or quasi judgment. The necessary effect of these provisions is to make the finding of the revenue commission, which is a government body, at least prima facie correct, and the burden is put on the taxpayer to show errors or unreasonableness in the assessment. The only specific attack made on the allocation of income was in the amendment which has already been considered. The taxpayer here points out no defect in the assessment or the formula by which it was made and makes no claim as to how the income should be apportioned, but merely contents itself with general allegations to the effect that the assessment or method of assessment is arbitrary and unreasonable. The court below was not warranted in sustaining the illegality on the theory that the assessment or the formula by which it was made was unreasonable.

Two other exceptions are without merit. The affidavit of Mr. Stewart, showing items of income not attributable to business done in Georgia, was admissible in support of the amendment. The income-tax return made to the Federal government by the defendant in error was admissible in evidence. It was the basis from which the State tax was computed. The bill of exceptions alleges that the court made no specific ruling on the objections to these pieces of evidence. The court will be considered as having admitted them. Numerous income-tax cases decided by foreign courts have been cited in the briefs of counsel for both parties. These decisions do not require discussion, in view of the rulings by the Supreme Court which have become the law of this case. The

court erred in sustaining the affidavit of illegality on each and all of the grounds thereof.

*Judgment reversed. Sutton and Felton, JJ., concur.*

FELTON, J., concurring specially. I am of the opinion that the amendment to the affidavit of illegality should have been disallowed for the reason that it failed to allege facts sufficient to show that the formula applied was arbitrary and unreasonable.