30059.  BERNSTEIN *v.* PETERS *et al.*

DECIDED JUNE 10, 1943.

*Gazan, Walsh & Bernstein,* for plaintiff in error.

*Hester & Clark,* contra.

SUTTON, J. The plaintiff in error contends that the trial court erred in sustaining the demurrer to his plea, which, it is urged, set up a legal defense to the action, because as therein shown the con-

tract was illegal and unenforceable, in that it violated the act of 1938 for legalizing and control of alcoholic beverages and liquors (Ga. L. Ex. Sess. 1937-38, p. 103; Code Ann. § 58-1001 et seq.); violated the rules and regulations promulgated by the State revenue commissioner in pursuance of the authority granted by such act, in that the plaintiffs agreed to deliver and did deliver the intoxicating liquors at a place other than the defendant's retail place of business; and violated stated provisions of the United States Internal Revenue Code as set out in the statement of facts above, and that the plaintiffs were thereby particeps criminis; that the plaintiffs committed a fraud upon the defendant through their agent Jenkins whose acts they ratified, in that between the parties a relation of trust and confidence had existed for a number of years, and through Jenkins the plaintiffs falsely and fraudulently deceived the defendant into believing that if he purchased and stored the liquors at his residence they would not be subject to the then existing Federal floor tax, which representation was known by the agent, but not by the defendant, to be wholly false, and it constituted a statement of a fact; and not, as contended by the plaintiffs, a mere opinion as to the law, and upon which statement the defendant had a right to rely because of the agent's supposed superior knowledge and experience. Because of the defendant's belief in and reliance upon such fraudulent representations in the purchase of the liquors and his acceptance of them at his place of residence, which he did not include in his return for the purpose of a Federal tax, he was thereby subjected to prosecution by the Federal government, was required to pay the floor tax on the liquors which were forfeited, together with a penalty of $610.42, and he has been tried and convicted and is under probation; by reason of which facts he has been injured and damaged by the plaintiffs $5000 for which sum he seeks judgment by cross-action.

The plaintiff in error concedes that the act relied upon does not in express terms prohibit the delivery to a retailer, at a place other than his retail store, liquor which has been stored in and withdrawn from a State warehouse, but avers that by reason of various provisions for control of the business of intoxicating liquors the implication is in the statute that such a delivery would be in contravention thereof. While the act provides that certain violations of its provisions would subject the offender to punish-

ment as for a misdemeanor, we find nothing therein which by express provision or reasonable implication would prohibit delivery by a wholesaler to a retailer under the circumstances of this case. Section 8 of the act cited above (Code Ann. 1933, § 58-1022) delegates to the revenue commissioner certain powers in the enforcement of the act, among which is the power to "adopt and promulgate, repeal and amend such rules, regulations, standards, requirements, and orders, not inconsistent with this act or any law of this State or of the United States, as he may deem necessary to control the manufacture, sale, distribution, storage, or transportation of distilled spirits and alcohol, in accordance with the provisions of this act, and the conditions under which same may be withdrawn from said warehouses and distributed." It is thus seen that the conditions under which liquor may be withdrawn from a State warehouse and distributed to a retailer and be stored by him, whether in his own particular place of sale or elsewhere, are left for the direction of the revenue commissioner, where not inconsistent with the act or any law of this State or of the United States. While it is provided in the act as codified (Code Ann. § 58-1069) that "Whoever violates any of the provisions of this chapter for which no specific penalty is provided, or any of the rules and regulations issued under authority of this chapter, and in accord with the provisions of this chapter, shall be guilty of a misdemeanor, and upon conviction shall be punished as for a misdemeanor," in determining whether there has been a violation of the act, when viewed as to its penal provisions, it should be strictly construed. So construed, we find nothing in it which expressly or by reasonable implication makes unlawful the delivery, by a wholesaler to a retailer at his residence for storage, liquor which has been withdrawn from a State warehouse, or subjects one making such a delivery to indictment as for a misdemeanor.

However, it is alleged in paragraph 6(b) of the plea that the delivery was in violation of the rules and regulations of the Department of Revenue, adopted pursuant to the authority granted in the act relied on, which rules and regulations it was alleged made it unlawful for a wholesaler in alcoholic liquors to deliver any such liquors to a retailer at any place other than his licensed package shop. The special demurrer directed at this allegation, the ground of which was that a copy of the regulations was not

set forth, was not passed on. As the allegation with reference to what the regulations provide, it is an allegation of fact, good as against a general demurrer. Similar allegations are often made as to municipal ordinances, without copying the ordinances verbatim. Inasmuch as the regulations are not set forth so that this court can construe them, and since this court can not take judicial notice of them, the allegation as it stands must be taken as true on demurrer. If the allegation can be supported by proof, the delivery, an integral part of the sale, was unlawful, and punishable as for a misdemeanor, and the seller could not recover in the action for the purchase-price.

The contention that the act of the plaintiffs in delivering liquors to the place of residence of the defendant made them particeps criminis to a concealment by the defendant, as forbidden by the pleaded sections of the United States Internal Revenue Code, and that they are not entitled to recover, is without merit. It has been held that mere knowledge by a lender of money that a borrower intends to use it for an illegal or immoral purpose, but where the lender does not participate in the illegal transaction or do anything in furtherance of the consummation of the unlawful design, will not prevent recovery. *Hines* v. *Union Savings Bank,* 120 *Ga.* 711 (48 S. E. 120). See *Anderson* v. *Holbrook,* 128 *Ga.* 233, 239 (57 S. E. 500); *Mechanics Realty &c. Co.* v. *Leva,* 16 *Ga. App.* 7 (84 S. E. 222). This ruling controls in principle the issue here. It is not alleged that the plaintiffs or Jenkins, after delivery of the liquor, did anything in aid of Bernstein in the report to the United States Government of the quantity of liquors which he had on hand, or in concealing the fact that he had liquors stored at his residence. A mere lawful delivery of liquor would not make the plaintiffs particeps criminis to an illegal transaction by Bernstein in thereafter concealing from the United States Government the fact that it was stored at his residence, and in not reporting it for the purposes of taxation. *Singleton* v. *Bank of Monticello,* 113 *Ga.* 527 (38 S. E. 947), relied on by the plaintiff in error as denying any right in the plaintiffs to recover, is distinguishable on its facts but recognizes the principle here ruled.

Nor did the court err in striking on demurrer that portion of the defendant's amendment in which he sought by cross-action to recover from the plaintiffs damages because of alleged fraud and

deceit. The gist of the complaint is (1) that a confidential relationship existed between the agent Jenkins and Bernstein, (2) that Bernstein relied on the supposed superior knowledge and experience of Jenkins, and (3) that the representation made by Jenkins as to the liquors not being subject to a Federal floor tax if stored at Bernstein's residence was a representation of a fact, upon which he had a right to rely, and not a mere expression of opinion as to the law. In respect to confidential relations it is declared in the Code, § 37-707: "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." In *Boykin* v. *Franklin Life Insurance Co.*, 14 *Ga. App.* 666 (4) (82 S. E. 60), it was ruled: "The mere facts that one party to a contract had associated with the other party for eight or ten years, that their relations were friendly during that time, that one party was an organizer of the Farmers Union, of which the other was a member, and that the one therefore relied absolutely and implicitly upon the statements of the other, would not justify the party so relying in abandoning proper business caution and negligently signing a plain and unambiguous contract differing from what he intended to sign, and from what the other party represented it to be." In *Dover* v. *Burns*, 186 *Ga.* 19, 26 (196 S. E. 785), it was said: "The fact that it is alleged that the plaintiff reposed trust and confidence in the defendant Burns does not create a confidential relationship. In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone. This state of facts does not bring the plaintiff within the protection of the Code, § 37-707, with reference to confidential relationships." See *Stoddard Mfg. Co.* v. *Adams*, 122 *Ga.* 802 (50 S. E. 915). Under the facts and the principles of law ruled in the cases cited, no confidential relationship is shown to have existed between the parties, as contemplated by the statute. Furthermore, it does not appear that Bernstein did not in fact have equal opportunity to ascertain, before buying and storing the liquors, the truth as to whether or not they would be exempt from

floor tax if stored at his residence. See *Martin* v. *Harwell*, 115 *Ga.* 156 (3) (41 S. E. 686). ·

Was the representation made by Jenkins as to the liquors being exempt from floor tax if stored at Bernstein's residence a representation of a fact? We think not. Jenkins did not represent that the liquor was of a *kind* which was not taxable, even if it could be said that such a representation would be as to a fact. He merely stated that such liquors would not be subject to the Federal floor tax if stored at Bernstein's residence. Both parties knew that the liquor was intoxicating and generally taxable under the United States government floor tax. The representation in question was clearly an expression of opinion as to the law, upon which Bernstein had no right to rely; and it did not constitute actionable fraud and deceit. See, as to expressions of opinion as to the law, *Claxton Bank* v. *Smith*, 34 *Ga. App.* 265 (129 S. E. 142); *Beckman* v. *Atlantic Refining Co.*, 53 *Ga. App.* 671 (2) (187 S. E. 158); *Salter* v. *Brown*, 56 *Ga. App.* 792 (193 S. E. 903); *National Life &c. Insurance Co.* v. *Parker*, 67 *Ga. App.* 1, 8 (19 S. E. 2d, 409).

It follows from what is said above that the defendant's plea and answer did not set up any defense, except as set up in paragraph 6(b) of the answer, with reference to the rules and regulations of the commissioner. The court erred in striking on general demurrer the defense set forth in that paragraph.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting. I prepared and concur in the opinion of the court, except that part which holds that part of subsection (b) of paragraph 6 of the defendant's plea is good against general demurrer. I dissent from that ruling, and from the judgment of reversal. I desire to add the following in respect thereto:

While it is alleged in the plea that under the rules and regulations of the Department of Revenue, adopted pursuant to the authority granted in the act relied on, it was unlawful for a wholesaler in alcoholic liquors to deliver to a retailer any such liquors at any place other than his licensed package shop, such allegations amount only to a conclusion of law, the rules or regulations or the substance thereof not being set forth in the plea. This court can not take judicial cognizance whether or not, though authorized, the revenue commissioner has in fact made any rules

or regulations respecting delivery of liquor by a wholesaler to a retailer. See *Shurman* v. *Atlanta,* 148 *Ga.* 1 (3), 14 (95 S. E. 698); *Crouch* v. *Fisher,* 43 *Ga. App.* 484 (159 S. E. 746). While in the plea of the defendant a general conclusion is stated, that under the rules and regulations of the Department of Revenue "it was made unlawful for a wholesale dealer in alcoholic liquors to deliver to a retail dealer therein any alcoholic liquors at any place other than his licensed liquor store or package shop operated by the purchaser," this, in my opinion, was not sufficient to withstand the general demurrer. The allegation is a legal conclusion of the pleader as to the effect of the rules; not what the rules are or the substance thereof. A demurrer admits well-pleaded facts, but does not admit conclusions of law. Facts and not legal conclusions must be alleged. *Butler* v. *Dublin,* 191 *Ga.* 551, 555 (4) (13 S. E. 2d, 362); *Forrester* v. *Edwards,* 192 *Ga.* 529, 534 (2) (15 S. E. 2d, 851). The defendant alleged in his plea that under the revenue tax act to legalize and control alcoholic beverages and liquors it was made unlawful for a wholesale dealer in liquors to deliver to a retailer any alcoholic liquors at any place other than his licensed liquor store or package shop. ' This allegation is only a conclusion on the part of the pleader as to the effect of the act, as we can look to the act and see that a wholesaler is not prohibited thereby from delivering liquor to a retailer at a place other than his liquor store or package shop. Likewise, when he fails to plead the rules and regulations of the commissioner or to set them out in substance, the allegation that under them it was made unlawful for a wholesaler to deliver liquor to a retailer at a place other than his licensed liquor store or package shop is a legal conclusion on the part of the pleader. I think the allegation was subject to the demurrer, and that the court did not err in sustaining the general demurrer to the plea.