38988. OXFORD, Commissioner v. CHANCE *et al.*

DECIDED SEPTEMBER 5, 1961.

*Eugene Cook, Attorney-General, Ben F. Johnson, John E. Dean, Deputy Assistant Attorneys-General,* for plaintiff in error.

*Harris, Chance, McCracken & Harrison, Henry T. Chance,* contra.

NICHOLS, Judge. The sole question for decision is whether the act of 1935 (Ga. L. 1935, pp. 121, 126; *Code Ann.* § 92-3109 (d)), authorizes a deduction where a loss is sustained from the sale of realty to the taxpayer's brother who resides in another State, and where the taxpayer and such brother maintain separate households and have done so over a period of years. The act authorizing deductions for losses provides in part: "Provided, that no deductions shall be allowed for any claimed losses arising by reason of the sale by an individual of tangible or intangible property . . . to the wife or husband or any member of the family of such individual. . ."

It was stipulated that the following regulation, issued by the Commissioner was in effect: "The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants." The contention of the taxpayer is that the Revenue Commissioner, although authorized to make rules and regulations, has no authority to disregard the accepted meaning of the word "family" and substitute a meaning contrary thereto. The Revenue Commissioner contends, to the contrary, that he has adopted the correct meaning of the word, for he has adopted the same definition of

the word as that adopted by an act of Congress dealing with the deductions allowable and not allowable under the Internal Revenue Code. See 26 U.S.C.A. § 267 (c) (4).

In the recent case of *Carter v. Oxford,* 102 Ga. App. 762 (118 SE2d 216), affirmed by the Supreme Court (*Oxford v. Carter,* 216 Ga. 821, 120 SE2d 298), it was said: " 'The contemporaneous practical construction of ambiguous or doubtful provisions of an act by the department of the state empowered with its administration or supervision will be given great weight and will not be disturbed except for weighty reasons.' *State of Georgia v. Camp,* 189 Ga. 209 (1) (6 SE2d 299). ' "Contemporaneous construction" within the meaning of the rule, is the construction which executive departments or officers charged with the enforcement of the statute give to it at or near the time of its enactment.' 82 C.J.S. 768, Statutes, § 359."

In the case sub judice, while it is agreed that the regulation was in effect during the years in question, 1958 and 1959, the record is silent as to whether such regulation was in effect "at or near the time of the enactment" of the statute under consideration, which itself was adopted in 1935 (Ga. Laws 1935, pp. 121, 126). Since this court does not take judicial notice of the regulations of the Revenue Commissioner (*Bernstein v. Peters,* 69 Ga. App. 525, 532, 26 SE2d 192; *Columbus Wine Co. v. Sheffield,* 83 Ga. App. 593, 603, 64 SE2d 356), it must follow that we have no way or means of knowing, in the absence of such in the record, whether the regulation here relied upon as an interpretation of the act (*Code Ann.* § 92-3109 (d)) was promulgated in 1935 or just prior to 1958, or sometime in between, the taxpayer is entitled to the construction of a tax statute most favorable to him (*Cherokee Brick &c. Co. v. Redwine,* 209 Ga. 691, 75 SE2d 550), and cases cited, which would lead to a presumption that the regulation was not promulgated until a short time prior to the period here involved. Unless an interpretative regulation is promulgated or adopted at a time contemporaneously with the adoption of an act, or within a reasonable time after beginning the administration thereof, it is entitled to little or no weight on a question of the proper interpretation of the statute. Wisconsin C. R. Co. v. United States, 164 U. S. 190 (17 SC 45,

41 LE 399); United States v. Briebach, 245 F. 204; United States v. Manzi, 16 F. 2d 884 (reversed on other grounds, 276 U. S. 463, 48 SC 328, 72 LE 654). We proceed, then, to a determination of what interpretation should be given the statute, keeping in mind that the language of a statute is to be given its *usual, ordinary signification and meaning (State of Georgia v. Camp*, 189 Ga. 209, 6 SE2d 299), that we should presume the legislative intent to have been nothing beyond what the fair and usual meaning ascribed to the language would indicate (*Mayor &c. of Savannah v. Hartridge*, 8 Ga. 23, 30; *State Revenue Commission v. Edgar Bros. Co.*, 55 Ga. App. 505, 512, 190 SE 623), and that if there is ambiguity in the language of the statute, or if more than one meaning may be reasonably ascribed to it, such should be resolved in favor of the taxpayer. Therefore, the investigation of the meaning of the word "family" in such act is not restricted by such regulation. Nor do decisions construing the Federal statute as to particular facts aid in determining the present case since Congress defined the word "family", while here the Revenue Commissioner has attempted to define such word.

In *Brandon v. State Revenue Commission*, 54 Ga. App. 62 (2) (186 SE 872), it was said: "Rules and regulations of the State Revenue Commission for administering and enforcing the provisions of the State income tax law, which are repugnant to that act, are void and without force and effect." Thus the question is presented as to whether the term "family" as used in the above quoted act, properly construed, includes a brother of the husband taxpayer who lives in another State and has so lived separate from the taxpayer, maintaining his own home and family, for a long period of time.

An examination of the legislative history of the limit on deductions brought about by losses on the sale of property reveals that the limitations on sales to members of the taxpayer's family first appeared in the Federal statutes in the Revenue Act of 1934, approved May 10, 1934, 48 Stat. 680, 691, § 24 (a) (6) (d), and included the definition now included in the definition promulgated in the Tax Commissioner's regulation. The following year the General Assembly (Ga. L. 1935, pp. 121, 126; *Code*

*Ann.* § 92-3109 (d)), enacted in substance, as applied to State income taxes, so much of the Federal act as excluded as a deduction losses suffered by sales to members ' of the taxpayer's family, but no definition of the word "family" was included. Therefore, it appears that some other definition was intended, and indeed if the word "family" was not subject to more than one definition it would have been needless for Congress to define it.

In the case of *Forlaw v. Augusta Naval Stores Co.*, 124 Ga. 261, 269 (52 SE 898), Justice Beck, speaking for the Supreme Court said, with reference to a plea to the jurisdiction: " 'A family is defined as a collective body of persons who form one household, under one head and one domestic government, including parents, children, and servants, and, as sometimes used, even lodgers or boarders.' 12 Am. & Eng. Enc. L. (2d ed.) 866. Again, 'A family is a collective body of persons who live in one house and under one manager.' Webster's Dictionary. And again, 'Parents with their children, whether they dwell together or not; . . . in a narrow use the children of the same parents, considered collectively or apart from the parents.' Century Dictionary. 'In a broad sense the word "family" may include all the person's children, whether living with him or not, and even their relatives; but in a more limited sense it includes only those living together as one household.' Hart v. Goldsmith, 57 Conn. 479. ' "Family" is defined as, 1. Persons who collectively live together in a house or under one head; a household. 2. Those who are of the same lineage, or who are descended from one common progenitor; a race or tribe; a house.' Peeler v. Peeler, 68 Miss. 141. The word 'family' has no one fixed, technical definition. Its meaning varies very greatly according to the subject of the law in which it is used; it varies in different statutes, and has received various definitions in different jurisdictions, even in the interpretation of statutes substantially identical. The very extensive range of these definitions is well illustrated in the numerous citations of authorities given under the first definition of the subject, from the American & English Encyclopedia of Law, above quoted. It follows that the meaning of the word 'family' in the section of the Code defining domicile is

not necessarily identical with the meaning of the same word as used in the homestead and exemption laws; and we find still further variations of its meaning when we pursue it to criminal laws and police regulations. See Goode v. State, 16 Tex. 414; Bones v. State . (Ala.), 23 S. 485. Without attempting to select from the numerous definitions of the word 'family' one that would be so comprehensive and general as to be applicable in all cases, we think that no definition of the word as used in the Civil Code, § 1824, would be acceptable or satisfactory that does not convey the idea of unity of the household in which are gathered the members of the family as one collective body under the management or control of the head thereof, or to which the head of the family, though called away by the demands of business for periods of longer or shorter duration, constantly returns or expects to return." It has also been held that the term "head of family" does not apply to one who does not have dependents (see *Kidd v. Lester*, 46 Ga. 331), and in dealing with the question of year's support it has been said that children attaining majority or ceasing by marriage to be of the family cannot coerce partition of land set aside as a year's support so long as there are minor children to be supported. See *Whitt v. Ketchum*, 84 Ga. 128 (10 SE 503).

While the allowance of a deduction or exemption in computing State income tax is a privilege granted by legislative grace (*Fulton Bag & Cotton Mills v. Williams*, 212 Ga. 783 (2), 95 SE2d 848), yet once granted the Revenue Commissioner has no authority by rule or regulation to withdraw it.

The regulation adopted by the Revenue Commissioner if limited to those persons falling into the categories named who either resided with, or were dependent on, the taxpayer, such rule or regulation would not be removing a deduction allowed by the General Assembly. However, under no decision by the appellate courts, or definition enacted by the General Assembly, has there been a definition of "family" other than where a beneficiary under insurance policies is concerned (see *Starnes v. Atlanta Police Relief Assoc.*, 2 Ga. App. 237, 58 SE 481), which fails to include either the unity of living in one household or dependency of one member on another. The regulation sought to re-

move a deduction allowed by the General Assembly and was void in so far as the facts in the case sub judice were concerned and the transaction was not one excluded by the act of the General Assembly. Prima facie the taxpayers were entitled to the deduction and since the final assessment of the Revenue Commissioner was based, not on the basis of any alleged fraudulent resale, but solely on the void regulation, the judgment of the superior court must be affirmed.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*