41029, 41030. BROSNAN v. UNDERCOFLER, Commissioner (two cases).

DECIDED JANUARY 12, 1965—REHEARING DENIED
JANUARY 28, 1965.

96

*Smith, Gardner, Kelley & Wiggins, Fred E. Bartlett, Jr.,* for plaintiffs in error.

*Eugene Cook, Attorney General, John A. Blackmon, Assistant Attorney General,* contra.

JORDAN, Judge. A deficiency tax assessment upon which an execution has been issued by the State Revenue Commissioner is presumed to be prima facie correct, and the burden is upon the taxpayer in his pleadings and proof to show clear and specific error or unreasonableness in the assessment. *Head v. Edgar Bros. Co.,* 60 Ga. App. 482, 487 (4 SE2d 71).

The taxpayers' attack upon the assessments and executions in issue here was predicated upon the grounds that the State Revenue Commissioner had refused to allow certain enumerated sums, designated as "sales discounts" and "bad debts," as deductions from gross income in computing net income for tax purposes under the provisions of *Code Ann.* § 92-3109 (a, e). It was thus incumbent upon the taxpayers in order to set forth an issuable defense to allege sufficient facts to bring themselves within the statutory provisions permitting the claimed deductions. "Deductions from gross income in arriving at net income, on which an income tax is imposed, are allowed as a matter of legislative grace and are authorized only where there is a clear statutory provision for them. Accordingly, the burden rests upon a taxpayer to show that he is entitled to a deduction claimed." 27 Am. Jur. 359, Income Taxes, § 93; *Fulton Bag &c. Mills v. Williams,* 212 Ga. 783 (2), 786 (95 SE2d 848); *Oxford v. Chance,* 104 Ga. App. 310, 315 (121 SE2d 825).

This burden the taxpayers did not sustain for it was not shown in their pleadings that the alleged sales discounts and bad debts which they sought to claim as deductions in arriving at their net income had ever been included by them in their gross income. "The words 'net income' mean the gross income of a taxpayer, less the deductions allowed by this law." *Code Ann.* § 92-3108. Clearly, sales discounts are not allowable as ordinary and necessary business expense deductions from gross income under the provisions of *Code Ann.* § 92-3109 (a) unless the total undiscounted sales have first been included by the taxpayer in his gross income; otherwise an unauthorized double deduction could be claimed. The same is true of bad debts. *Code Ann.* § 92-3109 (e) specifically provides: "Bad debts.— Debts ascertained to be worthless and actually charged off within the taxable year, (or, in the discretion of the Commissioner, a reasonable reserve created for bad debts), provided the amount had previously been included in gross income in a return of income filed with the State. No deduction with respect to loans to relatives and friends shall be allowed as a bad debt or otherwise."

Accordingly, the assessments of the State Revenue Commissioner upon which the executions were issued being prima facie correct, and the taxpayers in their pleadings having failed to show clear and specific error in them, it was not error for the trial court to sustain the general demurrers of the State Revenue Commissioner.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ON MOTION FOR REHEARING.

JORDAN, Judge. The taxpayers contend on motion for rehearing that it was unnecessary for their pleadings to set forth facts sufficient to show clear and specific error or unreasonableness in the assessments against them in order to withstand general demurrer for the reason that the mere filing of a traverse to the garnishee's answer was sufficient to join issue between them and the plaintiff in execution under the decisions of *Turner v. Rosseau*, 21 Ga. 240, and *Rainey v. Eatonton Co-Op. Creamery, Inc.*, 69 Ga. App. 547 (26 SE2d 297).

These cases involved the filing of a traverse by the plaintiff in execution to the answer of the garnishee which had denied

the possession of any funds belonging to the defendant in execution; and the ruling therein that a simple denial was sufficient to join issue between the plaintiff in execution and the garnishee, clearly has no application to the present situation in which the taxpayers (the defendants in execution) sought by their pleadings to join issue with the plaintiff in execution on the question of their original tax liability, and the deficiency tax assessment and execution upon which the garnishment proceedings had been predicated.

To do this it was necessary, as held in the original opinion, that the taxpayers in their pleadings allege sufficient facts to overcome the presumption of the validity of the deficiency tax assessment and execution.

*Motion denied. Bell, P. J., and Eberhardt, J., concur.*