42337. PEOPLES, INC. v. DeVANE.

Argued October 3, 1966—Decided October 27, 1966—Rehearing denied November 14, 1966.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant, Kitchens & McLane, H. Arthur McLane,* for appellant.

*Burch & Boswell, Hamilton Burch,* for appellee.

*Arthur K. Bolton, Attorney General, William L. Harper, Assistant Attorney General, Melvin E. Thompson, Jr., Deputy Assistant Attorney General,* amicus curiae.

NICHOLS, Presiding Judge. Assuming as contended by the appellant that under the amendment to Section 40 of the Motor Vehicle Certificate of Title Act (Ga. L. 1961, pp. 68, 93; Ga. L. 1962, pp. 79, 90; *Code Ann.* § 68-438a), the sole method of perfecting a security interest in a pre-1963 model motor vehicle is by "delivery to the [State Revenue] Commissioner of a notice of a security interest in or lien against the vehicle in such form as the Commissioner may prescribe and the payment of the required fee," yet the evidence as stipulated in the case sub judice did not authorize a finding that Peoples, Inc. had complied with such provision.

Judicial cognizance will not be taken of rules and regulations of the Revenue Commissioner. *Bernstein v. Peters,* 69 Ga. App. 525, 532 (26 SE2d 192) ; *Turner v. Brunswick Distributing Co.,* 95 Ga. App. 651 (98 SE2d 591). See also *Daniels v. Sanders,* 114 Ga. App. 495 ( SE2d ), and the stipulation of fact does not disclose that it was stipulated or proved that the "T-3" form filed by the appellant was the form prescribed by the Commissioner of Revenue for the purpose of filing of a notice of a security interest in a motor vehicle not required to have a certificate of title until 1969.

There was no evidence of actual notice of the claimant's security interest in the truck and, in the absence of a filing in the manner prescribed by the Commissioner of Revenue, no constructive notice.

The mechanic's lien was asserted by retention of the truck and was superior to the security interest of which he did not have either actual or constructive notice. Motor Vehicle Certificate of Title Act, supra (*Code Ann.* § 68-423a). The cases cited by the appellant, exemplified by *Manchester Motors, Inc. v. Farmers & Merchants Bank of Manchester,* 91 Ga. App. 811 (87 SE2d 342), were decided prior to the adoption of the Uniform Commercial Code and the Motor Vehicle Certificate of Title Act and must yield thereto. The judgment of the trial court was not error for any reason assigned.

*Judgment affirmed. Hall and Deen, JJ., concur.*

ON MOTION FOR REHEARING.

The appellant in its motion for rehearing contends (1) that

since the adoption of the Administrative Procedure Act the courts must judicially recognize rules and regulations of the Revenue Commissioner adopted and filed pursuant thereto, and (2) that the only method by which a mechanic's lien can be perfected in a pre-1963 automobile is by filing a notice thereof with the Revenue Commissioner and that such a lien may not be perfected by retention of the vehicle.

The Administrative Procedure Act (Ga. L. 1964, p. 338) as amended (Ga. L. 1965, p. 283), was not effective until July 1, 1965. The stipulation in the record shows that the T-3 form was executed and filed in March 1964, over fifteen months prior to the effective date of the Administrative Procedure Act. While under Sec. 8 of such Act the rules and regulations adopted and filed pursuant thereto will be judicially recognized, yet judicial notice of a rule in effect in 1965 is not evidence that such rule was in effect in 1964.

Moreover, the paragraph of the·Department of Revenue rules (560-10-3.203) relied upon by the appellant does not provide that form T-3 shall be the form used to perfect a security interest in a pre-1963 model motor vehicle but merely states the address where forms may be obtained and that they must be typed, signed, notarized and supported by proper fee.

The remaining contention of the appellant is that Sec. 23 of the Motor Vehicle Act (*Code Ann.* § 68-423a), does not apply to a pre-1963 automobile and that the sole method of perfecting a mechanic's lien on such an automobile is under Sec. 40 of such Act. *Code Ann.* § 68-438a.

The vehicles referred to in Sec. 23 of the Act as being subject to mechanic's liens which may be asserted by retention of the vehicle are those which are required to have certificates of title and those not subject to being retained by a mechanic are those exempt from such Act by Sec. 4 thereof (*Code Ann.* § 68-404a). The fact that the time for obtaining a certificate of title is delayed as to some vehicles, so as to make for an orderly implementation of the Act, does not make a vehicle referred to as required to have a certificate of title one that is not required to have a certificate of title.

Section 23 refers to how a mechanic's lien may be asserted

while Secs. 22 and 40 (*Code Ann.* §§ 68-422a, 68-438a), provide how such liens are recorded.

*Motion for rehearing denied.*