45977.   HOUSING AUTHORITY OF DECATUR v. WESTERN UNION TELEGRAPH COMPANY.

ARGUED MARCH 2, 1971—DECIDED MAY 20, 1971— REHEARING DENIED JULY 8, 1971—

184

*George H. Carley,* for appellant.

*Heyman & Sizemore, Robert E. Hicks, Louis C. Parker, III,* for appellee.

QUILLIAN, Judge. The appellant argues that the tariff filed by the appellee is not just and reasonable as applied to the facts of this case. The appellant's argument is answered in the negative in Gardner v. Western Union Telegraph Co., 231 F 405, 412, which states: "We are therefore of the opinion that Congress having taken possession of the field of interstate commerce by telegraph, the provision of the Constitution of Oklahoma relied upon has become inoperative for the purpose of striking down the regula-, tion in question. Whether the regulation is a reasonable one or not is in our judgment a question for the Interstate Commerce Commission to determine. Mitchell Coal & Coke Co. v. Pa. R. Co., 230 U. S. 247 (33 SC 916, 57 LE 1472); Chicago & Alton R. Co. v. Kirby, 225 U. S. 155 (32 SC 648, 56 LE 1033, AC 1914A, 501); Texas & Pac. R. Co. v. Abilene Cotton Oil Co., 204 U. S. 426 (27 SC 350, 51 LE 553, 9 AC 1075)."

The appellee's liability is controlled by the tariff which it filed pursuant to Section 203 (a) of the Federal Communications Act of 1934. The granting of the partial summary judgment was not error.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Deen and Whitman, JJ., concur. Pannell and Evans, JJ., dissent.*

EVANS, Judge, dissenting. Plaintiff sued defendant for failure to properly transmit a telegram from New York City to Decatur, Georgia, and, as a result of such failure, it alleged that damages were suffered.

Defendant moved for partial summary judgment, contending that the telegram in question was accepted by defendant subject to the condition that defendant should not be liable for mistakes or delays in the transmission or delivery or non-delivery of any message received for transmission at the regular rate beyond the

sum of $500; and contending that said condition was on file with the Federal Communications Commission as a part of defendant's tariff prior to and in effect on October 15, 1968.

The trial judge granted defendant's motion for partial summary judgment, limiting its liability to not more than $500.

Defendant, as movant for summary judgment, had the burden "to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant. . . The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence. . . The Act cannot deprive a party of the opportunity to have a trial of a genuine issue as to any material fact, and it is indeed a great responsibility to say that 'in truth there is nothing to be tried.' " *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). One of the matters as to which defendant was required to carry the burden described in the foregoing authority, and in the way and manner described therein, was that it had filed with the Federal Communications Commission a tariff limiting its liability to $500. It introduced the affidavit of its area vice president, E. O. Harbour, who, among other things, testified: "That the attached certified copy of the Western Union Tariff on file with the Federal Communications Commission was in effect on October 15, 1968, the date of the message involved in the above-styled case." But, the purported tariff alleged to be of file with the Federal Communications Commission, which appears in the record at page 27, contains the following: "(b) Messages will be accepted for transmission under the following conditions (which appear on the Telegraph Company's sending message form), *subject to the conditions set forth under paragraph (c) of this rule."* (Emphasis supplied.) But, alas and alack! Paragraph (c) is not included in the papers and documents introduced as evidence, and we are left to wonder just how little or how much said omitted paragraph (c) affected the purported tariff. We have no way of knowing how to construe the tariff because *all* of it was not introduced, and that which was introduced was therefore unintelligible.

This court will not take judicial notice of tariffs, records and documents filed with Federal regulatory bodies, nor of State regulatory bodies. See: *Hartwell R. Co. v. Kidd,* 10 Ga. App. 771 (74 SE 310) (4); *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252 (5) (76 SE2d 536); *Hubbard v. Ruff,* 97 Ga. App. 251, 256 (103 SE2d 134); *Davis v. General Gas Corp.,* 106 Ga. App. 317 (1a) (126 SE2d 820); *Sims v. Southern Bell Tel. &c. Co.,* 111 Ga. App. 363, 364 (141 SE2d 788); *Peoples, Inc. v. DeVane,* 114 Ga. App. 597 (152 SE2d 649). Therefore, it is quite plain that the defendant did not carry the burden imposed by law upon it as movant for summary judgment in this case.

One additional matter worthy of note is that paragraph (b) of the tariff that was introduced states that the conditions "appear on the Telegraph Company's sending message form," whereas in the case sub judice, there is nothing to indicate that any condition whatever appeared upon the Telegraph Company's sending message form.

I therefore dissent and would reverse the trial court.

I am authorized to state that Judge Pannell coucurs in this dissent.