29275. FORRESTER, revenue commissioner, v. PULLMAN COMPANY.

DECIDED MARCH 11, 1942.

*Spalding, Sibley, Troutman & Brock, E. H. Sheats, Standish Thompson, W. S. Northcutt, Ellis G. Arnall, attorney-general, A. J. Tuten, assistant attorney-general,* for plaintiff.

*Howell & Post, L. M. Greenlaw, H. S. Anderson,* for defendant.

MacINTYRE, J. In *Pullman Co.* v. *Suttles,* 187 *Ga.* 218 (199 S. E. 821), the Supreme Court held that the superior court erred in refusing to enjoin the taxing authorities of Fulton County from threatening to issue, levy, and collect tax fi. fas. and assessments made by them in 1937 for the years 1930 to 1936, inclusive, on thirty-four Pullman sleeping cars, assessed at the value of $340,000 for each year. Subsequently to the *Suttles* decision the Fulton County taxing authorities made application to T. Grady Head, State Revenue Commissioner of Georgia, and Mr. Head, on May 1, 1939, after a hearing, made a final assessment for the years 1932 through 1938 on 34 sleeping cars a year assessed at a value of $340,000 a year, for purposes of taxation by Fulton County. The Pullman Company appealed to the Board of Tax Appeals and upon a hearing the board, in reversing the judgment of the commissioner, said: "The above and foregoing matter has been duly heard, evidence and arguments submitted, and after due consideration the board finds in favor of the appellant and against the commissioner, it being the opinion of the Tax Appeals Board that the property involved being rolling stock of the Pullman Company, under the evidence submitted does not become subject to taxation by Fulton County under the present statutes of Georgia, and it is the opinion of this board that the revenue commissioner does not have authority to make the assessment for Fulton County in this matter. The judgment of the commissioner is therefore

reversed." Mr. Head appealed to the superior court, and that court, by agreement of both parties, sitting without a jury, in affirming the judgment of the Board of Tax Appeals, said: "I hereby find, order, and adjudge: 1. That the decision of the State Board of Tax Appeals, dated December 18, 1939 [be], and it hereby is, affirmed in its entirety. 2. That the appeal of T. Grady Head, State Revenue Commissioner, from the said decision of the State Board of Tax Appeals be, and it hereby is, denied. 3. That, under the law, even if the State Revenue Commissioner had had the power to assess the cars involved in this fraud, be limited to two years; that in this case there has been no fraud on the part of the Pullman Company. 4. That all assessments by the State Revenue Commissioner of the cars of appellee involved in this proceeding be, and they hereby are, set aside and declared null, void, and of no effect. 5. That final judgment is hereby rendered in favor of appellee, the Pullman Company, and against appellant, T. Grady Head, State Commissioner of Revenue, on all issues of law and fact. 6. That appellee, the Pullman Company, shall have judgment against appellant, T. Grady Head, State Revenue Commissioner, for the use of the officers of the court in the sum of $———, costs of this case."

Thereupon T. Grady Head appealed to this court, and while the case was on appeal J. M. Forrester, the present State Revenue Commissioner, on proper motion by him, was substituted as plaintiff in error. This court certified certain questions to the Supreme Court (*Forrester* v. *Pullman Co.*, 192 *Ga.* 221). Writing its opinion in conformity with the answers to the certified questions, this court in *Forrester* v. *Pullman Co.*, 65 *Ga. App.* 112 (15 S. E. 2d, 461), affirmed the judgment of the superior court for the reason that the assessment for county purposes was illegal and void. After the remittitur from this court was received in the superior court, but before the judgment of this court was formally made the judgment of the superior court, J. M. Forrester, State Revenue Commissioner, presented an amendment to the judge of the superior court. The object of the amendment to the original assessment filed by T. Grady Head was, and we quote from Commissioner Forrester's brief, "to substitute for the measure of tax ascertained by the 'average number and average value of the cars out of train' the measure prescribed by section 92-2703 of the

Georgia Code of 1933." The Pullman Company objected to the allowance of the amendment, and the judge of the superior court held: "From an examination of the entire record in this case, the answers of the Supreme Court to the certified questions, and the decision of the Court of Appeals, I have concluded that the case that was before this court is at an end, and that it is the duty of this court to sign the remittitur, making the judgment of the Court of Appeals the judgment of this court. Ga. Code, § 6-1804; U. S. of Am. v. Hatcher, 185 Ga. 816 [196 S. E. 773], and the cases therein cited; Felker v. Johnson, 56 Ga. App. 659 [193 S. E. 472]. If the purpose of the amendment by Forrester is to amend the original assessment so as to change the measure of tax, that, in my opinion, could not be done on appeal, as this court has jurisdiction only to consider an appeal from a finding by the Board of Tax Appeals. Ga. Laws, 1937-38, pp. 99, 100, §§ 44, 45." Thereupon the judge of the superior court made the judgment of this court the judgment of the superior court, and assessed the cost of making the record and appeal cost against Commissioner Forrester in favor of the Pullman Company for use of officers of court. Commissioner Forrester appealed from this order disallowing the amendment to the original assessment.

The method of reviewing the tax assessment of the Commissioner of Revenue is prescribed by our Code, §§ 92-8445, 92-8446, and the procedure therein is exclusive, and no trial court shall have jurisdiction of proceedings to question such assessments, except as in this chapter provided. Generally, under these sections, an aggrieved taxpayer may, within 30 days from the date of the final assessment and notice thereof, file with the Board of Tax Appeals, a petition for review. The finding of the Board of Tax Appeals shall not be final, but either party may appeal from any order, ruling, or finding of the board to the superior court of the taxpayer's residence, "unless the taxpayer be a railroad or other public service corporation or non-resident, in which event the appeal of either party shall be to the superior court of the county in which is located its principal place of doing business, or in which the chief or highest corporate officer, resident in the State, maintains his office. The appeal and necessary records shall be certified and transmitted by the chairman of the board and shall be filed with the clerk of the superior court within 30 days from the

date of judgment by the board. *The procedure provided by law for applying for and granting appeal from the court of ordinary to the superior court shall apply as far as suitable to the appeal authorized herein, except that the appeal authorized herein may be filed within 15 days from the date of judgment by the board.".* (Italics ours.) Code, § 92-8446. Thus, the rules of procedure provided by law for applying for and granting appeals from the court of ordinary to the superior court being applicable to cases of this character, the appeal to the superior court in this case was a de novo investigation and the whole case is submitted to the jury, or as here to the judge sitting without the intervention of a jury, upon all the legal evidence that can be produced, whether such evidence has been produced on the first trial or is offered for the first time at the appeal trial in the superior court. *Moody* v. *Moody,* 29 *Ga.* 519; Code, §§ 6-201, 6-501 et seq. The rule upon which the plaintiff in error relies that amendments may be made at any stage of the cause does not contemplate amendment "after final termination of the trial." *Snyder* v. *Elkan,* 187 *Ga.* 164, 170 (199 S. E. 891), and cit.; *Blyth* v. *White,* 178 *Ga.* 490 (173 S. E. 421).

This was not a judgment on some ancillary matter which aided another proceeding but was considered as a principal proceeding. The judgment here was on the entire completed case. The entire case here was tried on its merits by the judge sitting without the intervention of a jury, and resulted in a judgment for the defendant on the whole case, the effect of which, in so far as the trial court was concerned, was to end the litigation. The issuing and tendering of the writ of error does not impair or affect the judgment of the superior court. It is binding until reversed. *Allen* v. *Savannah,* 9 *Ga.* 286. Even though during the pendency of the bill of exceptions in this court the judgment of the lower court was suspended by a specific order of the court, or by operation of law (*Tanner* v. *Wilson,* 184 *Ga.* 628, 634, 192 S. E. 425), yet when this court unconditionally affirmed such judgment on the whole case, the effect of such affirmance was to leave the judgment of the superior court in as full force as if it had never been excepted to, and if it had not been excepted to there could be no doubt that it would have been a finality to the case, and conclusive upon the parties. Its unconditional affirmance here upon the exceptions and the writ of error, could not

weaken or impair it, but would rather strengthen and confirm it. To paraphrase the language of the Supreme Court in *Goldsmith* v. *Ga. R. Co.,* 62 *Ga.* 542, 545, the effect of the final judgment was not to be avoided by showing cause against it under the guise of an amendment to the pleading. Amendments are admissible to uphold judgments, but not to overturn them. So, in the instant case, the judgment in the superior court would have been a finality to the case brought about by a final judgment. The court below rendered a final judgment on the whole case as presented to it by the pleadings and the evidence, which was in effect saying the whole case is ended, and this court in effect said to the lower court by its unconditional affirmance: "You are correct and the whole case is ended." Aliter, if the case had been reversed, or affirmed on condition.

There ought to be an end of litigation somewhere, sometime, and some court should be empowered to say, under reasonable legal rules, that the case is finished. *Southern Mutual Insurance Co.* v. *Turnley,* 100 *Ga.* 296 (2), 301 (27 S. E. 975) ; *Central Railroad & Banking Co.* v. *Paterson,* 87 *Ga.* 646 (13 S. E. 525). And here, even if this matter proposed by the amendment might, under the rules of law, have been put in issue during the progress of the trial in the lower court, the judgment constructively covered such matters (*Watkins* v. *Lawton,* 69 *Ga.* 671, 675), and as to them, constructively involved in the litigation as well as other matters pleaded, they are res judicata. The judgment in the lower court adjudicated "all matters in issue, or which under the rules of law might have been put in issue." *Federal Investment Co.* v. *Ewing,* 166 *Ga.* 246 (142 S. E. 890). The rights of the parties actually covered by the pleadings were involved in the litigation and were conclusively adjudicated at the time the amendment was offered, and the controversy, or case, having been ended, the superior court correctly decided it was without jurisdiction to entertain the amendment tendered. *Pryor* v. *Pryor,* 164 *Ga.* 7 (137 S. E. 567) ; *Benning* v. *Horkan,* 123 *Ga.* 454 (51 S. E. 333) ; *Central R. Co.* v. *Paterson,* supra.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*