42020.   UNDERCOFLER, Commissioner v. WHITE.

ARGUED MAY 2, 1966—DECIDED JUNE 22, 1966.

854

*Arthur K. Bolton, Attorney-General, Melvin Thompson, Jr., Assistant Attorney General,* for appellant.

*Jere F. White,* for appellee.

FELTON, Chief Judge. ■ The appeal to the superior court under *Code Ann.* § 92-8446 (Ga. L. 1937-38, Ex. Sess., pp. 77, 100; Ga. L. 1943, pp. 204, 206, 208) is a *de novo* investigation and the whole case is submitted to the jury upon all of the legal evidence that can be produced, whether such evidence has been produced at the hearing or is offered for the first time on the trial of the appeal in the superior court. *Code Ann.* § 6-501; *Forrester v. Pullman Co.,* 66 Ga. App. 745, 749 (19 SE2d 330); *Thompson v. King Plow Co.,* 74 Ga. App. 758, 767 (1) (41 SE2d 431). The procedure for such appeal is that used in appeals from the court of ordinary to the superior court. *Code* § 92-8446. "This takes the whole case *de novo,* and submits it to the jury upon all the legal evidence which is produced *then,* without regard to what evidence may have been before the ordinary on the first trial. Whatever discretion is vested in the ordinary is passed to the jury by the appeal, and they ought to have submitted to them all evidence which . . . [is relevant and material to the issues in the case]." *Moody v. Moody,* 29 Ga. 519. Accordingly, the only evidence which can be considered is that which was properly introduced on the appeal.

The sole evidence produced by the taxpayer at the hearing was in the form of his testimony and he failed to introduce this or any other evidence on the appeal, apparently because of the court's expressed opinion that the Commissioner had not made a prima facie case. The taxpayer's testimony, although it could be considered at the hearing for the purpose of making the assessment, could not be considered as evidence before the jury on the *de novo* appeal because it was not introduced in evidence in that court, hence cannot be considered on the present appeal.

■ In addition to the evidence offered by him on the appeal, the Commissioner relies upon what he contends is a presumption that the assessment, which is admitted by the taxpayer, is prima facie correct. "A *deficiency tax assessment* upon which an execution has been issued by the State Revenue Commissioner is

presumed to be prima facie correct, and the burden is upon the taxpayer in his pleadings and proof to show clear and specific error or unreasonableness in the assessment. *Head v. Edgar Bros. Co.*, 60 Ga. App. 482, 487 (4 SE2d 71)." (Emphasis supplied.) *Brosnan v. Undercofler*, 111 Ga. App. 95, 96 (140 SE2d 517). This presumption is expressly based on the theory that "[t]he existence of the execution implies a former rendition of a judgment or quasi judgment." *Head v. Edgar Bros. Co.*, supra, p. 487. There is a distinction between a deficiency tax assessment and one such as is here involved, as far as the procedural aspects are concerned. In the former situation the burden of proof is on the taxpayer from the beginning to file a correct return and that burden remains on him to prove the correctness of his return and to show clear and specific error or unreasonableness in the Commissioner's deficiency assessment. This placing of the burden is justified by the fact that the taxpayer is the moving party in contesting the validity of the assessment and has in his possession the information necessary for such contest. In the present case, on the other hand, the movant is the Commissioner, who, in asserting a new tax liability, assumes the burden of proof commencing at the initial hearing and continues to bear such burden on the appeal. The appeal being *de novo*, all the facts necessary to sustain the assessment must be proved again by the introduction of evidence, as though the assessment had not yet been made or the execution issued thereon.

■ There being no evidence for the taxpayer on the appeal and no presumption that the assessment was prima facie correct, the sole remaining consideration is whether the evidence introduced by the Commissioner on the appeal was sufficient to make a prima facie case. This evidence consisted of the following: (1) a certified copy of the taxpayer's signed tag application, dated February 10, 1964, for a 1959 International tractor, I. D. No. FA41531, with a notation thereon of the issuance of a tag on February 12, 1964; (2) a certified copy of the taxpayer's application, dated May 5, 1964, for a duplicate tag for the same vehicle, containing a statement signed by the taxpayer that the original tag was lost or stolen and a notation of the issuance of a duplicate tag to him on May 6, 1964; and (3) the testimony of a field inspector of the State Revenue Department

to the effect that he had seen the original tag, which he confiscated, on the said truck while on a highway some 6 months after the issuance of the duplicate tag for that truck. The above evidence was sufficient to indicate probable violations of one or more of the following Code sections: §§ 68-214, 68-215, 68-434a (e) and 68-9929. Although the present proceedings are not criminal in nature and although even a conviction under one or more of the above statutes would not by itself establish the taxpayer's use of the duplicate tag for the purpose of avoiding the payment of license taxes on a non-registered vehicle, the evidence presented showed that the taxpayer was continuing to use a tag which he had sworn to be lost or stolen and that, although he had had his "day in court" twice—at the hearing and on the appeal—he failed to either produce the duplicate tag (the application for which stipulated that it was to be used on the vehicle originally registered) or to account for its whereabouts. The Commissioner's evidence was sufficient to create the presumption that the duplicate tag was obtained for the purpose of evading the payment of license taxes on a non-registered vehicle and it made a prima facie case for tax liability, shifting the burden of producing evidence to the taxpayer to account for his proved illegal use of the original tag and his presumed illegal use of the duplicate tag. *Department of Revenue v. Stewart,* 67 Ga. App. 281 (4) (20 SE2d 40). The trial court erred in directing a verdict in favor of the taxpayer for the reason that he had introduced no evidence on the appeal to rebut the authorized inference of tax liability raised by the Commissioner's evidence. See *Lewis v. Bowen,* 208 Ga. 671 (68 SE2d 900) and cit. The taxpayer should have been permitted to introduce whatever evidence he might have deemed necessary and, he, as well as the Commissioner, was entitled to have the issue thereby raised decided by the jury, which rights were denied by the court's direction of the verdict. Although the appellant filed no motion for a new trial, which is no longer a condition precedent to appeal under *Code Ann.* § 6-702 (a) (Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 494), a new trial must necessarily be granted by this court in order to correct the error caused by the improper direction of the verdict.

*Judgment reversed. Frankum and Pannell, JJ., concur.*