### 44669. HAWES, Commissioner v. LeCRAW.

JORDAN, Presiding Judge. The State Revenue Commissioner assessed LeCraw, as an employee of C & L Oil, Incorporated, d/b/a Peachtree Texaco Service, for sales and use tax deficiencies, including penalties and interest, incurred by his employer, an insolvent corporation, basing the claim on the provisions of the 1960 Act (Ga. L. 1960, p. 210; *Code Ann.* § 92-3451a) imposing personal liability on an "officer or employee of any corporation who has control or supervision of collecting" certain taxes, including sales and use taxes, "and of accounting for and paying over" the taxes to the Commissioner, "who wilfully fails to collect such amounts, or truthfully account for and pay over such amounts . . . or who wilfully attempts to evade or defeat any obligation" to the State with respect to the taxes. LeCraw exercised his statutory right of appeal to Fulton Superior Court (Ga. L. 1937-38, Ex. Sess., pp. 77, 100; 1943, pp. 204, 206, 208; *Code Ann.* § 92-8446), and a judge of that court dismissed the assessment on motion for the stated reason that in his opinion the Commissioner is required to make factual findings to show that the officer or employee is liable under the statute, and that the report of an agent which the Commissioner adopted as his findings fails to bring the employee "within the ambit of liability; and the assessment is therefore void." Continuing, he stated in his order that "In this view it is unnecessary to consider the motion [of the Commissioner] for summary judgment." The Commissioner appeals from this order. *Held:*

The statute under which the Commissioner acted in making the assessment in this case (Ga. L. 1960, p. 210; *Code Ann.* § 92-3451a) merely states the conditions under which a corporate employee is liable as if he were the corporate taxpayer and imposes no statutory requirement on the Commissioner to state the findings which he may have made

or the evidence on which any findings are based, except as may be incorporated by reference by the language empowering the Commissioner to assess and collect the tax "in the same manner as the tax in connection with which the act, or failure to act, under this section occurs or has occurred." It necessarily follows from this language that an assessment made "in the same manner" as against the corporation is entitled to the same legal status, and in this respect various sections of the Georgia Retailers' and Consumers' Sales and Use Tax Act expressly declare that the assessment shall be considered or deemed to be "prima facie correct" and, in two of the provisions hereafter cited, also expressly impose on the other party the burden of showing the contrary. See Ga. L. 1951, pp. 360, 378, 381 (Code Ann. §§ 92-3427a, 92-3428a, 92-3432a). Thus where, as here, the assessed party has invoked the appeal procedure to contest the validity of the assessment in the superior court (Ga. L. 1937-38, Ex. Sess., pp. 77, 100; 1943, pp. 204, 206, 208; Code Ann. § 92-8446) thereby opening the door to a de novo judicial investigation (see Undercofler v. White, 113 Ga. App. 853 (149 SE2d 845)) and the assessment is one which must be regarded as prima facie correct for the reasons above stated (also see Head v. Edgar Bros. Co., 60 Ga. App. 482 (4 SE2d 71); Brosnan v. Undercofler, 111 Ga. App. 95 (140 SE2d 517); Hawes v. Foster, 118 Ga. App. 296 (163 SE2d 351)) the appellant in the lower court, the appellee here, places himself in the status of a plaintiff who has the burden of proof, and the Commissioner occupies the status of a defendant, who by transmitting the record showing the fact of the assessment, has provided sufficient answer to entitle him to his day in court on the merits to rebut whatever proof the other party may offer to support his contention that he is not liable for the tax deficiency.

We recognize, of course, that the Commissioner may assume the burden of piercing the pleadings of the other party by moving for summary judgment (Hawes v. Foster, supra) but under the circumstances here disclosed, where the trial court erroneously dismissed the assessment, and as a result of this ruling erroneously failed to consider the motion for summary judgment, there is no ruling on the motion, and until such time as the lower court rules on the motion, there is no basis in this appeal to enable this court to consider the issue of

whether the lower court erred in failing to grant a summary judgment for the Commissioner.

*Judgment reversed. Hall and Whitman, JJ., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED FEBRUARY 5, 1970—REHEARING DENIED MARCH 31, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, James B. Talley, Assistant Attorneys General,* for appellant.

*J. Walter LeCraw, William H. Barker,* for appellee.