45238. HAWES, Commissioner v. PHILLIPS et al.
45239. HAWES, Commissioner v. DILWORTH et al.

ARGUED APRIL 7, 1970—DECIDED OCTOBER 30, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, James B. Tal-*

*ley, Assistant Attorneys General, Timothy J. Sweeney, Deputy Assistant Attorney General,* for appellant.

*Thomas M. Strickland,* for Phillips.

*William V. Hall, Sr.,* for Dilworth.

PANNELL, Judge. These cases arise out of assessments imposed by the Revenue Commissioner against the appellees under the Georgia Retailers and Consumers Sales and Use Tax Act (Ga. L. 1951, p. 360, as amended; *Code Ann.* § 92-3401a et seq.) and *only concern that tax on sales, or that portion of sales, of less than $1.00.* The Commissioner is attempting to collect under the bracket system as promulgated by the Commissioner (Revenue Regulation 560-12-1.05, Vol. VI, Official Compilation, Rules and Regulations of the State of Georgia) pursuant to Section 22 (b) of the said Act (*Code Ann.* § 92-3440a) which results in a tax above a mathematical three percent of the sales involved. The retailer taxpayers contend that under the Act they are only required to pay a strictly mathematical three percent of their gross taxable sales, meaning by their construction of gross taxable sales, the sum total of all taxable sales made by the retailer taxpayer. See Section 3 of the Act (*Code Ann.* § 92-3403a D(1)). Attacks are made upon the bracket system, as well as the provisions of the Act authorizing the Commissioner to establish a bracket system. In case number 45239, the amount of tax, as assessed according to the bracket system was stipulated. In case number 45238, the record discloses no stipulation, although the order of the trial judge, which is practically identical in both cases, recites there was such a stipulation. The Commissioner's assessment in case number 45238 was established by a sampling method and the assessment was made based thereon by application of the bracket system. Both sides, on appeal to the superior court, made motions for summary judgment and the trial judge granted summary judgment in behalf of the taxpayers, holding in his order that the regulation of the Commissioner establishing the bracket system was unauthorized by the Georgia Retailers and Consumers Sales and Use Tax Act and based his ruling upon the construction of the Act that the dealer was liable only for a mathematical three percent of its gross sales and that the authorization under the Act to install a bracket system could not result in the collection of a

tax of more than a mathematical three percent from the dealer. The Revenue Commissioner appealed to this court.

The tax levied under the Sales Tax Act, irrespective of whom it is levied against, is a three percent tax on all sales covered under the Act. It is obvious that the collection of a three percent tax on sales under a dollar (except where the sale price is exactly .33333¢ or .66666¢) by necessity requires the collection of more than three percent by a purely mathematical calculation. For example, a 1¢ sale of merchandise would require a payment of 1¢ tax, the penny being our lowest circulating monetary division. This amounts to a 100% tax. On a 5¢ sale, it amounts to a 20% tax. We must assume, however, that the legislature acted with knowledge of this monetary situation, and, therefore, that it intended by levying a "three percent" tax to require the payment and collection of the "overage" on sales of less than $1.00, it having expressly prohibited the use of tokens. We accordingly hold that a bracket system which does not require the payment and collection of more than the necessary amount of coinage required to pay and collect the three percent levied on sales of a fractional part of a dollar, is not contrary to the legislative grant of authority to the Revenue Commissioner to devise a bracket system for the collection of taxes, nor is the grant of authority to provide for the bracket system a grant of authority to increase the tax levied by the legislature. However, the bracket system established under such grant if it requires the payment or collection of more tax than that contemplated by the legislature, which is, to collect a whole cent of tax where a fractional part of a cent of tax (by mathematical three percent calculation) was involved, would exceed the authority granted. Let us examine the bracket system in the present case and determine whether it exceeds that authority.

The Sales and Use Tax Act as originally enacted (Section 2(a), Ga. L. 1951, pp. 360, 362) purported to levy a privilege or license tax upon every person who engaged in selling tangible personal property at retail "at the rate of three percent (3%) of the sales price of each item or article of tangible personal property when sold at retail in this State; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the State, and to include each and every retail sale or amount of taxes collected

whichever be the greater" (see *Oxford v. J. D. Jewell, Inc.,* 215 Ga. 616, 620 (112 SE2d 601)), and the tax was held to be a tax on the retailer and not upon the sale. (*Williams v. Bear's Den, Inc.,* 214 Ga. 240 (104 SE2d 230)). In 1960, the Act was amended to impose the tax primarily upon the purchaser. The Act as amended (Ga. L. 1960, pp. 153, 154; *Code Ann.* § 92-3402a (a)) provides as follows: "(a) Every purchaser of tangible personal property at retail in this State shall be liable for a tax thereon at the rate of three percent of the sales price thereof. Said tax shall be paid by the purchaser, to the retailer making such sale, as hereinafter provided, and said retailer shall remit same to the State Revenue Commissioner, as hereinafter provided, and when received by the State Revenue Commissioner it shall be a credit against the tax imposed hereinafter on said retailer. Every person making a sale or sales of tangible personal property at retail in this State shall be a retailer and a dealer as defined in this Chapter and shall be liable for a tax thereon at the rate of three per cent. of such gross sale or gross sales, or the amount of taxes collected by him from his purchaser or purchasers, as hereinabove provided, whichever is greater: Provided, however, that no retail sale shall be taxable to the retailer or dealer which is not taxable hereunder to the purchaser at retail." The Act as amended thus imposed a tax on the sale dual in nature, as both the purchaser and retailer are liable for the tax on each retail sale. *Undercofler v. Capital Auto. Co.,* 111 Ga. App. 709, 712 (143 SE2d 206). Moreover, the tax is no longer measured by a dealer's total taxable sales, but is imposed upon each gross sale at retail when it occurs (see *Grantham Transfer Co. v. Hawes,* 225 Ga. 436, 442 (169 SE2d 290)) and the retailer's liability is a tax on each such sale.

The regulation is as follows: "(1) The following schedule of collections is the official and applicable bracket system for the collection of the tax, and retail dealers shall be held accountable for making collections in compliance herewith: (a) No amount need be collected on sales in amounts of less than eleven (11) cents. (But see requirements in paragraphs 2 & 3. (b) One (1) cent shall be collected on sales in amounts of eleven (11) cents but not more than thirty-five (35) cents. (c) Two (2) cents shall be collected on sales in amounts of thirty-six (36) cents but not more than

sixty-five (65) cents. (d) Three (3) cents shall be collected on sales in amounts of sixty-six (66) cents but not more than $1.00. (e) On sales in amounts of more than $1.00 a collection of three (3) cents shall be made on each dollar of price plus the above bracket charges upon any fractional part of a dollar." It will be noted that this bracket system as to fractional parts of a dollar provides for the collection of the same amount, or less than the amount, which would be required under the construction we have placed upon the Act in the absence of a bracket system, except in one area it provides for the collection of a 3¢ tax on a 66¢ sale whereas the Act permits the collection of only 2¢ on a 66¢ sale and permits no more than 2¢ until the sale exceeds .66666¢. In this respect and in this respect only does the bracket system exceed the authority granted. It is very doubtful if the additional penny collected in this particular area has had any considerable effect whatsoever upon the amounts collected and for this reason we are reluctant to consider the entire bracket system illegal because in only one area involving a fraction of a cent sale does it increase the tax beyond the limits allowable. We accordingly reverse the trial judge in his grant of summary judgments to the taxpayers (but we must affirm him for his refusal to grant a summary judgment for the Commissioner) and remand the case for determination of whether any of the tax assessed against the taxpayers involves any excess tax assessed in the area above mentioned.

*Judgments reversed in part; affirmed in part. Jordan, P. J., and Eberhardt, J., concur.*