## 45620. BLACKMON v. ROSS.

WHITMAN, Judge. Howard Ross, as corporate officer of Signet Carpet Company, was assessed by the State Revenue Commissioner for a sale and use tax liability, plus a delinquency penalty and interest. See *Code Ann.* § 92-3451a (Ga. L. 1960, p. 210).

Ross, as authorized by *Code Ann.* § 92-8446 (Ga. L. 1937-38, Ex. Sess., pp. 77, 100; 1943, pp. 204, 206, 208) appealed to the superior court. When the matter came on for trial, and after selection of a jury, the trial court ruled, over the Commissioner's objection, that the burden of proof and the burden of going forward with the evidence were on the Commissioner.

The Commissioner introduced a certified copy of the assessment which was admitted without objection. The Commissioner also called Rufus Buchanan as a witness, who testified he was the

auditor of the Sales and Use Tax Unit of the Department of Revenue who had made the initial determination to assess and testified further as to the procedure followed by him in making the audit.

Following the testimony of the auditor, the Commissioner rested his case, and Ross moved, without introducing any evidence, for a directed verdict in his favor, claiming that the Commissioner had failed to establish a prima facie case as to each of the elements required to establish liability under *Code Ann.* § 92-3451a.

The court granted the motion and directed a verdict in favor of Ross. The Commissioner has appealed from the judgment entered thereon, enumerating the same as error, along with the ruling as to burden of proof and the ruling on the motion for directed verdict. *Held:*

We reverse. The case is controlled by *Hawes v. LeCraw,* 121 Ga. App. 532 (174 SE2d 382), wherein it was held, citing statutory and case law, that an assessment such as the one here involved is deemed to be "prima facie correct," and that where the assessed party invokes the appeal procedure to the superior court to contest the validity of the assessment, which is a de novo proceeding, he comes into court in the status of a plaintiff who has the burden of proof, while the Commissioner occupies the status of a defendant, who by transmitting the record showing the fact of the assessment, has provided sufficient answer to entitle him to his day in court on the merits to rebut whatever proof the other party may offer to support his contention that he is not liable for the tax deficiency.

Accordingly, the lower court erred in ruling over objection that the burden of proof in the matter was upon the Commissioner, and, further, in directing a verdict for Ross, there being no evidence whatever by him that the assessment was not correct or that he was not liable thereon. There is no conflict between the *LeCraw* case, supra, which we follow, and *Undercofler v. White,* 113 Ga. App. 853 (149 SE2d 845), as the appellant contends.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 9, 1970—DECIDED DECEMBER 4, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, Timothy J. Sweeney, Assistant Attorneys General,* for appellant.

*Mitchell & Mitchell, Warren N. Coppedge, Jr., William T. Boyett,* for appellee.