## 25990. NATIONAL SERVICE INDUSTRIES, INC. v. HAWES.

Argued November 10, 1970—Decided January 8, 1971—
Rehearing denied January 29, 1971.

*Haas, Holland, Freeman, Levison & Gibert, Robert H. Walling,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, Timothy J. Sweeney, Assistant Attorneys General,* for appellee.

MOBLEY, Presiding Justice. Certiorari was granted to review the decision of the Court of Appeals in *Hawes v. National Service Industries,* 121 Ga. App. 775 (175 SE2d 34), because of a statement in Division 3 of the opinion which this court felt might be misleading.

The decision dealt with the exclusion from the sales and use tax which was in effect prior to February 19, 1965. See Ga. L. 1951, pp. 360, 370, § 4. This provision excluded from the operation of the tax, "articles of tangible personal property imported into this State or produced or manufactured in this State for export, the repairing or storage of such property in the State for use in another State . . ."

In Division 2 of the opinion of the Court of Appeals it was held that this exclusion was applicable to property brought into Georgia which merely had other property attached to it in Georgia, and which was at all times intended for use in another State.

In Division 3 it was held that the exclusion was not applicable to the categories of property set out therein, one of which was: "B. Items purchased from sellers in Georgia and stored by the taxpayer in Georgia until shipped as the need arose to other States for ultimate use."

After discussing this property and others listed, the Court of Appeals stated: "Consonant with the ruling in Division 2 of this opinion, however, we think that § 4 does exclude a tax on the value of items of personal property at rest or present in Georgia, whether originally produced in Georgia or brought into Georgia from another State, where the presence is at all times explained by the taxpayer by an intention to ship the property out of Georgia, which is fulfilled by actually shipping the property out of Georgia while still identifiable as the property brought into Georgia or produced in Georgia, and which, although repaired or stored in Georgia, is not substantially changed by any fabrication or manufacturing process or other acts indicative of use or consump-

tion of the property in Georgia."

While the Court of Appeals held that none of the classes of property listed in Division 3 came within the exclusion of § 4 of the 1951 Act, we consider the language just quoted susceptible of a construction that even property purchased from sellers in Georgia, as shown in category B, would be excluded from the tax if it was at all times designated for shipment outside the State of Georgia. This would not be correct. See *Undercofler v. Eastern Air Lines,* 221 Ga. 824 (147 SE2d 436).

We affirm the conclusions reached by the Court of Appeals as to the taxability of the items in controversy, but direct that the opinion be clarified to show that purchases from sellers in Georgia shown in category B are taxable, whether or not designated at all times for future shipment outside the State.

*Judgment affirmed with direction. All the Justices concur, except Hawes, J., disqualified.*