46962. BLACKMON v. DILWORTH et al.
46963. BLACKMON v. PHILLIPS et al.

DEEN, Judge. For a history of this sales and use tax litigation see *Hawes v. Phillips,* 122 Ga. App. 714 (178 SE2d 759), wherein this court affirmed the denial of summary judgment to the Revenue Commissioner and reversed and remanded the grant of summary judgment to the taxpayers. Thereafter, the Revenue Commissioner again moved for summary judgment in both cases and appeals the trial court's denial thereof.

In its orders the court pointed out that the amount of sales relevant to the taxable period had orignally been stipulated "only if the bracket system was found to be valid."

This court found the bracket system invalid in one respect, and this was the basis of the remand. The present judgments state in part: "This court is of the opinion that an exact determination by this court of whether any of the tax assessed against the taxpayers involves any excess tax cannot be made by this court based on the affidavit of movant which covered [only] a one week sampling . . . on which this court can make the determination of whether or not any of the tax assessed over the period of several months is excessive and if so the exact amount of such excess." We agree with the trial judge that he is no longer bound by the stipulation originally in effect, nor is he required to accept a figure based on a sampling which he feels too small to be reliable.

The denial of the Revenue Commissioner's motion for summary judgment is without error.

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*
ARGUED MARCH 8, 1972—DECIDED MARCH 17, 1972—
REHEARING DENIED MARCH 29, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellant.

*William V. Hall, Sr.,* for appellees.