27110.   ORKIN EXTERMINATING COMPANY, INC. et al. v. BLACKMON.

ARGUED APRIL 11, 1972—DECIDED MAY 3, 1972—
REHEARING DENIED MAY 18, 1972.

*Kaler, Karish & Frankel, Samuel N. Frankel, Jerry L. Sims,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellee.

NICHOLS, Justice. 1. The appellant taxpayer operates both within and without the State of Georgia and under the stipulated facts the operation in Georgia is actually just a small percentage of the taxpayer's business. The appellant, in both its corporate and trade name, operates purchasing departments in Georgia with central warehouses. These purchasing departments purchase materials both within and outside of Georgia, store such materials in Georgia and then ship them as needed to the various branch offices located both within and without Georgia. No sales tax was paid on such materials when purchased and stored. Sales tax was paid on materials later shipped to branches located in Georgia, but was not paid on materials shipped to branches outside Georgia. Under the decision of this court in *Undercofler v. Eastern Air Lines,* 221 Ga. 824 (147 SE2d 436); and *National Service Industries v. Hawes,* 227 Ga. 221 (179 SE2d 765), the sales tax was applicable to all purchases made within Georgia and stored in Georgia until needed by a branch within or without Georgia, as well as all purchases made outside Georgia and stored in Georgia until a decision was made as to whether the purchased material would be used by branches within or without the State.

The Act of 1965 (Ga. L. 1965, p. 13; *Code Ann.* § 92-3406a) did not affect the taxability of such transactions. Accordingly, unless one of the attacks made upon

such Acts of the General Assembly; or upon the actions by the State Revenue Commissioner, requires reversal, the judgment of the superior court upholding the assessment must be affirmed.

2. The contentions of the appellant that the Act of 1965 (Ga. L. 1965, p. 13), supra, is violative of the Constitutional provision prohibiting matter to be contained in an Act of the General Assembly different from that contained in the caption of such Act, and violative of the separation of powers provision of the Constitution of 1945 present no question for decision inasmuch as a decision declaring such Act unconstitutional would not benefit the appellant. See *Smith v. Merchants &c. Bank of Milledgeville,* 226 Ga. 715, 718 (177 SE2d 249), and citations.

3. The contention is made that the interpretation of the Sales and Use Tax Act so as to tax the transactions causing the issuance of the tax assessment violates the equal protection of law proviso of the U. S. and Georgia Constitutions. The basis of the argument is that it discriminates against a purchase for storage and possible later shipment out of the State by making such transaction taxable while not taxing the same type of transaction when purchased for resale or when purchased for shipment outside the State.

Assuming, but not deciding, as the appellant contends, that the transactions would not have been taxable if its branches were subsidiary corporations, yet they were not subsidiary corporations and the distinction made by such Act as to the sales for resale or for shipment out of the State and those made other than for resale and for delivery within the State for storage are valid classifications and do not violate the equal protection provisions of the U. S. and Georgia Constitutions.

4. The agreements entered into by the parties as to the time when assessments and applications for refunds could be made did not have the effect of shortening the period of time when assessments or applications for refunds could be made, nor were such agreements uncertain as to duration because the time referred to therein included an additional

ninety days from the calendar date set as the expiration date in the event the audit by the Revenue Commissioner disclosed taxes due the State or a refund due the taxpayer so that a proposed assessment could be issued or a claim for refund filed by the taxpayer.

5. The contention that certain actions taken by the Revenue Commissioner with regard to the proposed assessments and assessments were invalid because of the alleged failure of the Commissioner to properly file forms, etc., under the provisions of the Georgia Administrative Procedure Act (Ga. L. 1964, p. 338; *Code Ann. Ch.* 3A), is without merit.

*Code Ann.* § 3A-102 (f) defines the rules required to be adopted by the Administrative Procedure Act as follows: "'Rule' means each agency regulation, standard or statement of general applicability that implements, interprets or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency." The extension agreement between the Revenue Commissioner and the taxpayer does not fall within such definition, but to the contrary, is an agreement as provided for by *Code Ann.* § 92-3447a (b), and the inclusion of language therein with reference to the proposed assessment is a matter between the parties and not subject to the Administrative Procedure Act.

The contention that the form of the "assessment" is not provided by rule in accordance with the Administrative Procedure Act is without merit as such form is provided for by Revenue Rule 560-12-3-.30.

6. The remaining contention of the appellant taxpayer is that since the original assessment was based upon purchases made only outside of Georgia and the stipulated facts showed a part of the purchases were made in Georgia, it was error for the trial court to uphold such assessment.

The total purchases upon which the taxes were due, except as written off by agreement of the Commissioner, were in accordance with the assessment and inasmuch as the appeal is a de novo proceeding, the judgment of the trial court upholding such assessment was not error because the

auditor's report as to the location of the purchases, all of which were taxable, was different from the facts asserted on the appeal by the Commissioner. Compare *Undercofler v. White,* 113 Ga. App. 853 (149 SE2d 845); *Hawes v. LeCraw,* 121 Ga. App. 532, 533 (174 SE2d 382); *Blackmon v. Ross,* 123 Ga. App. 89, 90 (179 SE2d 548).

*Judgment affirmed. All the Justices concur, except Undercofler and Hawes, JJ., disqualified.*