## 49554. SCOTT v. BLACKMON.

STOLZ, Judge.

Appellant Scott is a licensed distributor of motor fuels. During the period of November, 1968, to October, 1971, he sold diesel fuel to a Mr. Gibbs, for use in Gibbs' farming, bulldozing and pulpwood operations. While a customer of the appellant, Gibbs notified Scott that he had purchased a diesel truck and that it would not be used in his local concerns. For this truck Gibbs said fuel would be secured from another source. When a routine audit by the Department of Revenue revealed that Scott did not attempt to collect the motor fuel tax from Gibbs, a deficiency assessment in the amount of $1,239.75 was entered against appellant by the State Revenue Commissioner. A routine appeal was made to the Dept. of Revenue and denied, followed by appeal to the Superior Court of Turner County. A verdict was returned for the appellant and a motion for judgment notwithstanding the verdict was granted. From the granting of that motion Scott appeals. *Held:*

Under Code Ann. § 92-1403 E (1), "The sale of motor fuel of a type other than gasoline . . . shall be exempt from the motor fuel tax . . . when such motor fuel is sold to an ultimate consumer who, at the time of the sale, has no highway use for such fuel." Unlike the law prior to 1966, tax assessments are now made when one has the potential for highway use — that is, whether one owns or operates a vehicle capable of highway use — at the

time of the sale. That Gibbs was able to produce receipts for fuel purchased from a second source, is not relevant to this determination. Since an assessment by the State Revenue Commissioner is prima facie evidence of its correctness, the distributor must show by a preponderance of the evidence "clear and specific error or unreasonableness in the . . . [deficiency assessment]." *Undercofler v. White,* 113 Ga. App. 853, 855 (149 SE2d 845). See also *Hawes v. LeCraw,* 121 Ga. App. 532 (174 SE2d 382); *Blackmon v. Ross,* 123 Ga. App. 89 (179 SE2d 548).

That the assessment is made only if a potential highway use is present, is apparent from the adjustment in the assessment made for the period spanning September, 1970, to August, 1971, when Gibbs' Mack truck was not operational.

The law provides that a consumer may himself acquire a distributor's license. This serves to release the dealer from responsibility for the payment of motor fuel taxes, while at the same time assuring the consumer that he need pay taxes only on that portion of fuel relegated to his highway uses. Code § 92-1403 B (2). See *Undercofler v. Standard Oil Co.,* 111 Ga. App. 592, 595 (142 SE2d 298).

A motion for a judgment notwithstanding a verdict can be sustained only where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." Code Ann. § 81A-150 (a) (Ga. L. 1966, pp. 609, 656, as amended); *Gordon v. Carter,* 126 Ga. App. 343, 344 (190 SE2d 570). The jury was charged in superior court that, "if you find that during said period . . . that Mr. Gibbs had a highway use for that type of motor fuel, *that is, he had some vehicle that could have used that type of motor fuel for highway use,* then . . . your verdict would be against Mr. Scott and for Mr. Blackmon, the State Revenue Commissioner." (Emphasis supplied.) There was no dispute that Mr. Gibbs did, in fact, own the Mack diesel truck suitable for highway use. Thus, the evidence demanded a verdict against the appellant and the order granting the motion for judgment notwithstanding the verdict must be affirmed. While this result may seem unduly harsh, it is

required by the statutory law which has been cited previously and which is binding upon this court until changed by the General Assembly or stricken as unconstitutional by the Supreme Court.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED JUNE 27, 1974 — DECIDED SEPTEMBER 6, 1974.

*Floyd H. Wardlow, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, H. Perry Michael, Gary B. Andrews, Assistant Attorneys General,* for appellee.