## 53993. DAVIS v. CHILIVIS.

WEBB, Judge.

Are discounts to employees on the price of meals, subsequently paid to the cafeteria management by the employer, subject to the retailers' and consumers' sales and use tax?

The revenue commissioner assessed taxes on these payments, and the trial court upheld the assessment. We affirm.

Under an agreement with Davis Brothers in the operation of a cafeteria in the Trust Company Bank building, employees of Trust Company were granted a discount of 30 to 40 percent from the regular meal price. Trust Company monthly reimbursed Davis the total amount of the discount. Davis collected sales and use tax only on the actual amount paid by the employees, and remitted that tax to the revenue department. The commissioner assessed taxes on the discounts paid by the employer for its employees, asserting that these meal

subsidies are a part of the consideration for the meals and a taxable part of the meal cost.

The Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, p. 360, as amended) imposes a tax upon all retail sales, and every person making a sale of tangible personal property at retail in the state is required to collect and remit the tax to the revenue commissioner. Code Ann. § 92-3402a (a). Such a person is a "dealer" under the Act and is liable for the tax as of the moment of sale, whether he collects the tax or not. See Code Ann. § 92-3404a; *Hawes v. Phillips,* 122 Ga. App. 714, 717 (178 SE2d 759) (1970).

The tax rate is applied against gross sales price, and "sales price" is defined by the Act to mean "the *total amount* for which tangible personal property or services are sold, including any services that are a part of the sale, valued in money, *whether paid in money or otherwise, and includes any amount for which credit is given to the purchaser by the seller, without any deduction therefrom* on account of the cost of the property sold, the cost of the materials used, labor or service costs, losses or any other expenses whatsoever . . ." Code Ann. § 92-3403a E. (Emphasis supplied.)

Thus the tax is due on the full or gross sales price of the meals, regardless of how or by whom paid. The deduction of employee discounts is not authorized by the Act as a means of avoiding the tax and where a third party (the bank) pays Davis Brothers this part of the sales price, it is no less taxable than if the purchaser had paid the full sales price himself at the time of purchasing the meal. As the Act indicates, it is the consideration for the transfer of the personal property which is being taxed. See Code Ann. § 92-3403a B. The consideration may come from two sources, but the total consideration is the total of the two amounts and under the Act the total amount, or gross sales price, is taxable. *Southwire Co. v. Chilivis,* 139 Ga. App. 329, 334 (228 SE2d 295) (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED JUNE 6, 1977 — DECIDED JUNE 14, 1977 — REHEARING DENIED JUNE 29, 1977 —

*T. Walter Gcabashe,* for appellant.
*Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* for appellee.